2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rabin YADIDI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Aug. 12, 1993.
 
 Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rabin Yadidi is a native of Iran and a citizen of Israel. In 1985, he entered the United States as a nonimmigrant visitor. He then changed his status to that of a nonimmigrant student. See 8 U.S.C. Sec. 1101(a)(15)(F)(i). After INS agents arrested Yadidi on March 30, 1990, the INS issued an Order to Show Cause alleging that he was no longer a student and was therefore deportable.
 
 
 3
 Yadidi appeared before an immigration judge ("IJ") on April 25, 1990. Through his counsel, Yadidi denied the allegations in the Order to Show Cause and denied deportability. Upon questioning by the INS, however, Yadidi admitted that he had graduated from high school. The IJ found that Yadidi had admitted deportability and ordered him deported.
 
 
 4
 Yadidi appealed the deportation order to the Board of Immigration Appeals ("BIA"), claiming, inter alia, that the IJ erred by finding him deportable; that the IJ erred by denying him a continuance; and that the IJ erred by not ruling on his motion to suppress. The BIA affirmed the IJ's deportation order. Yadidi presses the same three arguments before us. We have jurisdiction under 8 U.S.C. Sec. 1105a. We affirm.
 
 
 5
 * Yadidi claims that the INS failed to establish that he was deportable by "clear, unequivocal, and convincing evidence." See Woodby v. INS, 385 U.S. 276, 277 (1966). In particular, he argues that his admission that he had graduated from high school only raises the inference that he was no longer eligible to remain in the United States. That inference, he argues, is insufficient proof of his deportability. We disagree. Yadidi's nonimmigrant student visa allowed him to remain in the United States temporarily and solely for the purpose of pursuing a full course of study at an established academic high school designated by him and approved by the Attorney General. 8 U.S.C. Sec. 1101(a)(15)(f)(i). Upon his graduation from that high school, Yadidi no longer fit the definition of a student within the meaning of 8 C.F.R. Sec. 214.2(f)(5)(i). Thus, the INS established his deportability. Yadidi has not suggested to us, nor did he suggest to the BIA, that he had complied with the transfer procedures outlined in 8 C.F.R. Sec. 214.2(f)(8) or was in any other way eligible to remain in the United States. Under the circumstances, we agree with the BIA that the IJ properly found that deportability had been established by clear, unequivocal, and convincing evidence.
 
 II
 
 6
 During the hearing before the IJ, Yadidi asked that the proceedings be terminated, claiming he had been arrested in violation of the Fourth Amendment. In response, the IJ noted that Yadidi had presented no evidence at the hearing of an illegal arrest. Yadidi's counsel then asked for a continuance so that he could present evidence on this issue. The IJ indicated that he would hear any evidence at that time. Yadidi presented no evidence regarding his arrest. Ultimately, the IJ concluded that any such evidence would be of no import in light of Yadidi's admissions at the hearing and therefore denied the motion for continuance.
 
 
 7
 "The decision to grant or deny continuances is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse." Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985). At his hearing, Yadidi objected only to the fact that he had been summoned to a deportation hearing following an allegedly unlawful arrest. He now claims that his arrest was an "egregious" violation of the Fourth Amendment. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1050 (1984). However, "the 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as the fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." Id. at 1039. For that reason, the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding. Id. at 1040. Here, Yadidi's admissions at the deportation hearing formed the basis of the IJ's deportation order. Thus, the IJ did not err by denying Yadidi's motion to continue or by refusing to consider further his motion to suppress.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Whether Yadidi has grounds for a Bivens action arising out of the arrest is beyond this proceeding